## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:

DEMERX, INC.,

       Debtor.

_____/

Case No.: 18-14149-RAM

Chapter 11

## DEBTOR'S MOTION FOR CRAMDOWN IN
## CONNECTION WITH PREPETITION SHAREHOLDERS

The above captioned debtor and debtor-in-possession, DemeRx, Inc. ("DemeRx" or "Debtor"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§ 1126 and 1129, files this motion ("Motion") for cramdown in connection with the Debtor's prepetition shareholders, and in support thereof, respectfully states:

## BACKGROUND

1.      The Debtor is a pharmaceutical development company that was incorporated under the laws of the State of Florida on March 1, 2010, for the purpose of acquiring, developing, and commercializing various intellectual property rights (patents, patent applications, know-how, etc.) relating to chemical compounds called ibogaine and noribogaine and other similar or related compounds.

2.      The Debtor is seeking to proceed with an Investigational New Drug application (an "IND") to the FDA in respect to the drugs noribogaine and ibogaine for the treatment of opioid dependence and other indications. The Debtor is ultimately seeking approval of these drugs from the FDA in order to market these drugs as a better alternative to methadone and buprenorphine treatment for opioid addiction. It is believed that noribogaine has a lower potential for abuse than

buprenorphine, methadone, and other opioid substitutes in clinical use for detoxification and treatment of drug addictions.

3.      On April 9, 2018 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *See* ECF 1.

4.      During the course of this case, the Debtor obtained authorization to raise up to $2,000,000.00 in a secured DIP Facility. The Debtor proceeded to raise the entire $2,000,000.00, without which the Debtor would not have been able to survive during this case and continue operating post-bankruptcy.

5.      Many of the DIP Lenders were also pre-petition shareholders in the Debtor. The DIP Lenders unanimously made the determination to forego repayment of their DIP Loans and instead accept conversion rights to stock in the reorganized DemeRx pursuant to the terms of the DIP Facility and as confirmed in the Debtor's Plan.

6.      On September 14, 2018, the Debtor filed its *First Amended Chapter 11 Plan of Reorganization* [ECF 193] ("Plan").

7.      Class 7 of the Plan consists of the Debtor's approximately 189 pre-petition shareholders. Under the terms of the Plan, Class 7 will receive nothing and all pre-petition shares will be stricken consistent with the absolute priority rule set forth in Section 1129(b)(2) of the Bankruptcy Code.

8.      However, notwithstanding that Class 7 will receive nothing under the Plan, as previously stated, numerous members of Class 7 also determined to be DIP Lenders, and indeed, Class 7 has voted overwhelmingly to support the Plan.

2

9.    At the time of filing of this Motion, undersigned counsel had received 28 ballots from Class 7 pre-petition shareholders. Of those ballots received by undersigned, 26/28 (92.86%) of the Class 7 ballots, representing 8,622,889/8,650,389 shares (99.68%), voted to accept the Plan.[1]

10.    However, notwithstanding the overwhelming vote by Class 7 to accept the Plan, Section 1126(g) of the Bankruptcy Codes provides that "Notwithstanding any other provision of this section, a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." Accordingly, notwithstanding that Class 7 has actually overwhelmingly accepted the Plan, the Code provides that Class 7 is deemed to have rejected the Plan.

11.    Section 1129(b)(1) of the Bankruptcy Code provides that "if all of the applicable requirements of subsection (a) of this section other than paragraph (8)[2] are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan" and with respect to a class of interests, provides:

> (i) the plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or
>
> (ii) the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property.

---

[1] Some of the ballots received by undersigned counsel have yet to be entered on the docket by the Clerk. However, the ballots appearing on the docket as of the filing of this Motion reflect that 19/21 (90.48%) Class 7 ballots, representing 6,084,989/6,112,489 shares (99.55%), voted to accept the plan.

[2] In order to confirm a plan, Section 1129(b)(8) provides for the acceptance or non-impairment of each class of creditors or interests.

3

11 U.S.C. § 1129(b)(2)(C) (West).

12.     In this case, Class 7 members had the opportunity to participate in the Debtor's DIP Facility and to own stock in the reorganized Debtor post-bankruptcy, and many did. This Chapter 11 case attempted to salvage a business with no operations and no capital. The company had significant liabilities and lacked the expertise to develop its patented molecules. Only with the prepetition change in officers and directors, and the DIP Loan approved by this Court, which provided for the DIP Lenders to receive stock in the reorganized Debtor, and the striking of pre-petition ownership interests, was the Debtor enabled to go forward and revive its mission.

13.     The Debtor now proposes to pay Class 1 convenience class unsecured creditors 50% of the value of their allowed claims up to $21,000, and to pay Class 4 non-convenience class unsecured creditors in full over a period of time initially from available funds on the effective date, and thereafter from proceeds of a liquidating trust that will be pursuing certain litigation claims, and/or from the funding of a future capital raise. The Debtor has worked diligently to propose a feasible Plan, but there are no resources available for Class 7. Indeed, a post confirmation future capital raise will be necessary to achieve the company's goals.

14.     Accordingly, although Class 7 has overwhelmingly voted to accept the Plan and has not rejected the Plan, because they will not receive a distribution as Class 7 interests, nor will they retain stock in the reorganized debtor, they are deemed to have rejected the Plan, and the Debtor seeks an Order authorizing confirmation of the Plan under Section 1129(b) of the Code. *See In re Ionosphere Clubs, Inc.*, 184 B.R. 648, 654 (S.D.N.Y. 1995) (A plan may provide that stockholders or other holders of equity interests will receive no distributions under a plan or that their interests will be cancelled); *In re Martin*, 497 B.R. 349 (Bankr. M.D. Fla. 2013) (Chapter 11 plan may, pursuant to absolute priority rule, satisfy "fair and equitable" requirement by not

4

allowing holder of any claim or interest that is junior to claims of dissenting class to receive or retain any property on account of such junior claim or interest); *In re SunEdison, Inc*., 575 B.R. 220 (Bankr.S.D.N.Y.2017) (Plan providing for no distribution to shareholders where Debtor was insolvent when petitions were filed, did not unfairly discriminate against class of equity holders given that there was no class with same priority as equity holders, and thus no like class that received more favorable treatment); *In re Zenith Electronics Corp.,* 241 B.R. 92 (Bankr. D. Del. 1999) (0% distribution to be provided to equity holders under plan was in keeping with value of their interests, which was nothing based on debtor's value as going concern, and where no class junior to prepetition common shareholders was receiving or retaining anything under plan.)

WHEREFORE, the Debtor, DemeRx, Inc., respectfully requests that this Court enter an Order granting the instant Motion and authorizing confirmation of the Plan notwithstanding the striking of all shares and claims of Class 7, and for any other and further relief that this Court deems just and proper under these circumstances.

Dated: February 21, 2019.

Respectfully submitted,

**Aaronson Schantz Beiley P.A.**

/s/ Geoffrey S. Aaronson
Geoffrey S. Aaronson, Esq.
Florida Bar No. 349623
gaaronson@aspalaw.com
Samuel J. Capuano, Esq.
Florida Bar No. 90946
scapuano@aspalaw.com
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, Florida 33131
Ph: 786.594.3000
Fax: 305.424.9336
*Attorneys for Debtors*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished on February 21, 2019 (1) via email to all creditors and other interested parties on the Electronic Mail Notice List below; and (2) via email to all of the Debtor's pre-petition shareholders and DIP Lenders.

/s/ Geoffrey S. Aaronson
Geoffrey S. Aaronson, Esq.

**Electronic Mail Notice List**

- **Geoffrey S. Aaronson** gaaronson@aspalaw.com
- **Samuel J Capuano** scapuano@aspalaw.com
- **David C. Cimo** dcimo@cmmlawgroup.com, mmark@cmmlawgroup.com; ekelly@cmmlawgroup.com
- **Lynn Maynard Gollin** lgollin@gordonrees.com, jsoto@gordonrees.com, ghuebscher@gordonrees.com
- **Jordi Guso** jguso@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com
- **Marilee A Mark** mmark@cmmlawgroup.com, ekelly@cmmlawgroup.com
- **Tamara D McKeown** tdmckeown@mckeownpa.com
- **Ari Newman** newmanar@gtlaw.com, crossmann@gtlaw.com; mialitdock@gtlaw.com; miaecfbky@gtlaw.com
- **Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov
- **Mark J Wolfson** mwolfson@foley.com, crowell@foley.com

- **Advanced Technology Consulting Group** swilliams@atcginc.com
- **Arrow Pharma Services LLC** bschinzer@arrowps.net
- **BG Pharmaceutical Consulting LLC** bgpharmacon@gmail.com
- **Coffey Burlington, PL** dfreedman@coffeyburlington.com
- **Darpo Consulting** borje.darpo@icardiac.com
- **Deborah C. Mash, Ph.D.** DCMash@aol.com
- **Dr. Cynthia Kuhn** ckuhn@duke.edu
- **Foley & Lardner** mwolfson@foley.com
- **Gerald Swiss** gswiss@foley.com, jerryswiss53@gmail.com
- **Michael Karukin, COO** mkarukin@yahoo.com
- **MPI Research, Inc.** Robert.Godfrey@crl.com
- **Philip Sigel** philasig@aol.com
- **Psychogenics** Emer.Leahy@psychogenics.com
- **RGH Pharma Consulting** rgvdh@comcast.net
- **Sagittarius Intellectual Property LLP** kjohl@sagittariusip.com
- **Shaya Yaki Holdings LLC** newmanar@gtlaw.com
- **Steve Gorlin** sgorlin@gorlincompanies.com
- **Thermo Fisher Scientific Inc FKA Patheon** Jim.dietz@thermofisher.com
- **Vault Rooms, Inc (Vroom)** karen@v-rooms.com
- **Womble Bond Dickinson LLP** Don.Johnson@wbd-us.com

6

- **Zenith Technologies** tak.hung@zenithtechnology.co.nz
- **ZTR Enterprises, LLC** zrike@ztrenterprises.com
- **Certain Underwriters subs. to Policy NoDOG00404174** ceh@PKSLLP.COM
- **Charles Koob** lgollin@gordonrees.com
- **Henry Mellon** lgollin@gordonrees.com
- **Earl Clemmons** lgollin@gordonrees.com
- **Bruce Hack** lgollin@gordonrees.com
- **Peter Nejes** lgollin@gordonrees.com.com

- **Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov
- **Holger Weis** jguso@bergersingerman.com
- **Jonathan Gazdak** jgazdak@alexandercapitallp.com
- **Scott Bouchner** SBouchner@bpbcpa.com
- **Michael J. Keller** mk@hfk.law
- **Kolman Kenigsberg** kkenigsberg@kwpmc.com
- **Henry Coleman** cosud@erols.com

7