

**ORDERED in the Southern District of Florida on March 5, 2019.**

_____
**Robert A. Mark, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re:

DEMERX, INC.,

    Debtor.

_____/

Case No.: 18-14149-RAM

Chapter 11

# ORDER CONFIRMING DEBTOR'S
# FIRST AMENDED PLAN OF REORGANIZATION

THIS CAUSE came before the Court on February 26, 2019 at 10:00 a.m. ("Confirmation Hearing"), upon final hearing in connection with the confirmation of the *First Amended Combined Plan of Reorganization and Disclosure Statement* [ECF 193] (the "Plan") of Debtor, DEMERX, INC. ("Debtor" or "DemeRx") (the "Confirmation Hearing.")[1]

The Court has reviewed and considered: (a) the Court's *Order (i) Approving Disclosure Statement; (ii) Setting Hearing on Confirmation of Plan; (iii) Setting Hearing on Fee Applications; (iv) Setting Various Deadlines; and (v) Describing Plan Proponent's Obligations* [ECF 195] (the "Scheduling Order"); (b) the Debtor's Disclosure Statement, which was combined

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.

with, and incorporated into, the Debtor's Plan; (c) the *Confirmation Affidavit of Dr. Deborah C. Mash* [ECF 254] (the "Confirmation Affidavit"); (d) the *Certificate of Proponent of Plan on Acceptance of Plan, Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees* [ECF 253] including Exhibit "A" (Summary of Ballots), Exhibit "B" (List of All Ballots Filed), Exhibit "C" (List of Creditors to be Paid Pursuant to Plan), and Exhibit "D" (List of Disputed, Contingent, or Unliquidated Claims) (collectively, the "Certificate of Plan Proponent"); and (e) the proffer made on behalf of Dr. Deborah C. Mash at the Confirmation Hearing. The Court notes that no party filed or raised at the Confirmation Hearing any objection to confirmation, and the Court has considered the positions of the United States Trustee and several creditors.

At the Confirmation Hearing, the following modifications were offered to the Plan:

    i.    That the Liquidating Trustee will not be required to obtain Court approval of a settlement of Litigation Claims under Bankruptcy Rule 9019 or otherwise if such settlement pays Class 4 creditors the balance of their respective claims in full; and

    ii.    That this Order shall become final and effective upon entry and not 15 days or more after entry as previously contemplated in the Plan.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based upon the above and otherwise being fully advised in the premises, the Court hereby makes the following findings of fact and conclusions of law:

A.    The Court has jurisdiction over these cases and the confirmation of these cases pursuant to Sections 1134(a), 1334(b), 157(a), 157(b)(1), and 157(b)(2)(A), (B), (K), (L), and (O) of Title 28 of the United States Code, and Sections 105, 363, 1123, 1125, 1128, and 1129 of Title 11 of the United States Code (the "Bankruptcy Code"); and other various applicable provisions

of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules.") Confirmation of the Plan, including, but not limited to, the entry of the injunctions and releases set forth in Article XII of the Plan, is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order consistent with *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858 (1982); *Stern v. Marshall*, 131 S. Ct. 2594 (2011); and *Matter of Munford, Inc.*, 97 F.3d 449 (11th Cir. 1996).

      B.     As well, the Court has exclusive jurisdiction to determine if the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

      C.     Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

      D.     The findings and conclusions set forth herein and on the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. The Court incorporates by reference all findings of fact and conclusions of law set forth on the record at the Confirmation Hearing as if set forth fully herein. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

      E.     As evidenced by the *Certificate of Service* filed with the Court [ECF 196], adequate and sufficient notice of the Confirmation Hearing, the Plan, the Scheduling Order, and the deadline for filing objections to the confirmation of the Plan was provided to all creditors and parties in interest entitled to notice in these cases.

      F.     Based on the record before the Court, the Debtor as plan proponent has solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, Sections 1125(a) and (e) of the Bankruptcy Code,

and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation.

G. The Plan was transmitted to all creditors, pre-petition shareholders, DIP Lenders, and interested parties. Notice of the Confirmation Hearing in the form, within the time frame, and in accordance with the Scheduling Order has been given by the Debtor and such notice is adequate and sufficient under the Bankruptcy Rules.

H. The modifications to the Plan announced at the Confirmation Hearing are fair and reasonable and are in the best interest of the Debtor's estate, creditors, and other interest holders.

I. Under the Plan, Classes 1, 3, 4, 6, and 7 were impaired and voted to accept the Plan, as follows:

    i. Class 1, consisting of the Convenience Class of unsecured creditors, voted 100% in amount and 100% in number to accept the Plan;

    ii. Class 3, consisting of the secured creditor Philip Sigel, Trustee, voted to accept the Plan;

    iii. Class 4, consisting of the Non-Convenience Class of unsecured creditors, voted 100% in amount and 100% in number to accept the Plan;

    iv. Class 6, consisting of the convertible claim of Shaya Yaki Holdings LLC ("Shaya Yaki"), voted to accept the Plan; and

    v. Class 7, consisting of pre-petition shareholders, voted 99.5% in amount and 90.48% in number to accept the Plan.[2]

J. No class voted to reject the Plan.

---

[2] Notwithstanding that Class 7 voted overwhelmingly to accept the Plan, pursuant to Section 1126(g) of the Bankruptcy Code, the Debtor filed a *Motion for Cramdown in Connection with Prepetition Shareholders* [ECF 249] (the "Motion for Cramdown"). At the Confirmation Hearing, the Court granted the Motion for Cramdown, which will be addressed by separate order.

K. The Plan complies with all applicable provisions of the Bankruptcy Code, pursuant to 11 U.S.C. § 1129(a)(1).

L. The proponent of the Plan is the Debtor and the Plan complies with all applicable provision of Title 11 pursuant to 11 U.S.C. § 1129(a)(2).

M. The Plan has been proposed in good faith by the Debtor and not by any means forbidden by law pursuant to 11 U.S.C. § 1129(a)(3).

N. Any payments made or to be made by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, has been approved by the Court as reasonable pursuant to 11 U.S.C. § 1129(a)(4).

O. The Debtor as proponents of the Plan have disclosed the identity and affiliations of any individuals proposed to serve after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, or a successor to the Debtor under the Plan pursuant to 11 U.S.C. § 1129(a)(5). The appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and other interest holders and with public policy, and the Debtor has disclosed the identity of any insider who will be employed or retained by the Reorganized Debtor.

P. The Plan does not provide that the Debtor shall be seeking any government regulatory rate changes. *See* 11 U.S.C. § 1129(a)(6).

Q. All Allowed Claims of the Debtor have either accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under Chapter 7 pursuant to 11 U.S.C. § 1129(a)(7).

R. The Debtor does not have any Allowed Claims of a kind specified in 11 U.S.C. § 507(a)(8).

S. All Allowed Administrative Claims of the Debtor will either be paid in full on the Effective Date or have agreed to a different treatment under the Plan pursuant to 11 U.S.C. § 1129(a)(9)(A).

T. At least one Class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider. 11 U.S.C. § 1129(10).

U. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor. *See* 11 U.S.C. § 1129(a)(11).

V. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan pursuant to 11 U.S.C. § 1129(a)(12).

W. The Debtor does not pay, nor does the Plan provide for payment of, retiree benefits. *See* 11 U.S.C. § 1129(a)(13).

X. The Debtor is a corporate entity and has no domestic support obligations. *See* 11 U.S.C. § 1129(a)(14).

Y. The Debtor is a corporate entity and is not an individual and therefore 11 U.S.C. § 1129(a)(15) is inapplicable.

Z. The Debtor is a for-profit commercial corporation and therefore 11 U.S.C. § 1129(a)(16) is inapplicable.

AA. Confirmation of the Plan is in the best interests of the Debtor, all Creditors, all DIP Lenders, all holders of equity interests, and all other parties in interest.

BB. The Debtor and the Debtor's current managers, officers, members, equity holders, employees, agents, financial advisors, partners, attorneys, other professional advisors, and representatives:

    i. have acted in good faith in negotiating, formulating, and proposing the Plan and agreements, compromises, settlements, transactions, and transfers contemplated thereby;

    ii. will be acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises, settlements, transactions, and transfers contemplated thereby, and (b) take the actions authorized and directed or contemplated by this Confirmation Order, and

    iii. have proposed the Plan (including all documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law.

    iv. The Debtor's good faith is evident from the record of this case, including the Confirmation Affidavit and the record of the Confirmation Hearing and other proceedings held before the Court in this case.

CC. The Plan does not discriminate unfairly and is fair and equitable with respect to all classes. *See* 11 U.S.C. §§ 1129(b)(1) and (2).

DD. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. *See* 11 U.S.C. § 1129(d).

EE. This case was determined not to be a "small business case," (*see* ECF 77) as that term is defined in the Bankruptcy Code, and, accordingly, Section 1129(e) of the Bankruptcy Code is inapplicable.

FF. The Court previously found in the Scheduling Order that the Disclosure Statement, which is incorporated into the Plan, contains "adequate information" regarding the Plan in accordance with 11 U.S.C. § 1125(a).

GG. All other provisions of the Plan and all modifications announced at the Confirmation Hearing are appropriate and consistent with the applicable provisions of the Bankruptcy Code. The failure to specifically address a provision of the Bankruptcy Code in this Confirmation Order shall not diminish or impair the effectiveness of this Confirmation Order.

THEREFORE, BASED UPON THE FOREGOING FINDINGS AND CONCLUSIONS, the Court ORDERS as follows:

1. The findings of the Court set forth above and on the record at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014 and are incorporated herein.

2. The Plan is CONFIRMED, as amended by this Confirmation Order.

3. The Liquidating Trust is APPROVED.

4. In accordance with Section 524 of the Bankruptcy Code and Sections 105(a) and 1141 of the Bankruptcy Code, and the discharge provided by this Plan, all Classes and the members thereof, all Creditors, and all Interested Parties shall be and are permanently enjoined from the commencement or continuation of any action, employment of process or act to collect, offset or recover the Claims or Interests against the Debtor.

5. The provisions of the Plan, as modified by this Confirmation Order, bind the Debtor and all Creditors, Equity Holders, and other interested parties to the terms of the Plan.

6. This Confirmation Order shall be deemed effective and final upon entry. The Effective Date of this Plan shall be the date of entry of this Confirmation Order.

7. The following is a schedule summarizing the timing and amount of payments to be made to classes of creditors under the Plan:

8

      i.      Class 1 (Convenience Class) will receive, on or immediately after the Effective Date, *pro rata* distributions equal to 50% of their Allowed Claims for a total distribution to Class 1 of $34,594.72.

      ii.      Class 3 (Philip Sigel, Trustee) will receive, on or immediately after the Effective Date, a distribution of New Common Stock through the issuance of ten shares for every dollar lent to the Debtor, or 1,350,000 shares. The New Common Stock issued pursuant to the Plan is issued pursuant to Section 1145(a) of the Bankruptcy Code and accordingly federal and state registration and licensing laws do not apply.

      iii.      Classes 4 (Non-Convenience Class Unsecured Creditors) will receive: (1) on or immediately after the Effective Date, a distribution *pro rata* to members of Available Funds, equal to approximately 7.90% of their Allowed Claims for a total distribution to Class 4 of $110,000.00; and thereafter (2) Distribution(s) of Liquidating Trust Available Funds pro rata among members. If Liquidating Trust Available Funds exceed the total Allowed Amount of Class 4 Creditors, the excess shall be used for Drug Development; and (3) Distributions from the funding of a future capital raise by the Debtor (which capital raise will be subject to FDA approval of the Debtor's IND).

      iv.      Class 6 (Shaya Yaki Holdings LLC) will receive, on or immediately after the Effective Date, a distribution of New Common Stock through the issuance of ten shares for every dollar, or 1,000,000 shares. The New Common Stock issued pursuant to the Plan is issued pursuant to Section 1145(a) of the Bankruptcy Code and accordingly federal and state registration and licensing laws do not apply.

    v.  Classes 7 (Pre-Petition Shareholders) will receive nothing under the Plan and all Class 7 shares will be stricken consistent with the absolute priority rule set forth in Section 1129(b)(2) of the Code.

    vi.  DIP Lenders will receive, on or immediately after the Effective Date, a distribution of New Common Stock through the issuance of ten shares for every dollar lent to the Debtor in the total amount of $2,000,000.00, or 20,000,000 shares. The New Common Stock issued pursuant to the Plan is issued pursuant to Section 1145(a) of the Bankruptcy Code and accordingly federal and state registration and licensing laws do not apply

    vii.  Debtor's Counsel, Aaronson Schantz Beiley, P.A. ("ASBPA"), will receive, on or immediately after the Effective Date, gross fees of $500,000.00 and reimbursement of expenses of $2,766.07 to be paid as follows:[3]

     a.  ASBPA will keep its $85,000.00 pre-petition retainer;

     b.  A distribution of New Common Stock through the issuance of ten shares for every dollar of fees in the amount of $100,000.00, or 1,000,000 shares. The New Common Stock issued pursuant to the Plan is issued pursuant to Section 1145(a) of the Bankruptcy Code and accordingly federal and state registration and licensing laws do not apply;

     c.  a distribution of $306,000.00 in fees[4]; and

     d.  a distribution of $2,766.07 in expenses.

    viii.  Debtor's Intellectual Property Counsel CoSud Intellectual Property Solutions PC ("CoSud") will receive, on or immediately after the Effective Date, a distribution of $17,035.61 in fees and $720.00 in costs;

---

[3] The awards of fees and costs to professionals will be addressed in separate Orders.

[4] 20 hours of ASBPA's time is allocated to the D&O Litigation Claims, which will be paid hereafter on contingency pursuant to ECF 86 upon recovery. At a blended rate of $450.00 per hour, that equates to a further reduction in Applicant's Chapter 11 fee by $9,000.00.

ix. Debtor's Forensic Analyst Berkowitz Pollack Brant ("Berkowitz") will receive, on or immediately after the Effective Date, a distribution of $19,191.00 in fees and no costs;

x. Debtor's Insolvency Administrator Kolman Kenigsberg ("Kenigsberg") will receive, on or immediately after the Effective Date, a distribution of $2,762.50 in fees and $253.16 in costs; and

xi. The Debtor's officers, directors, and key employees will receive, on or immediately after the Effective Date, a distribution of New Common Stock through the issuance of ten shares for every dollar in estimated deferred post-petition compensation as set forth in the Plan in the total amount $430,000.00, or 4,300,000 shares. The New Common Stock issued pursuant to the Plan is issued pursuant to Section 1145(a) of the Bankruptcy Code and accordingly federal and state registration and licensing laws do not apply.

8. The Liquidating Trustee will not be required to obtain Court approval of any financial settlement of Litigation Claims under Bankruptcy Rule 9019 or otherwise if such settlement pays Class 4 creditors the balance of their respective claims in full and provides for no other material relief.

9. The reorganized Debtor and/or the Liquidating Trustee shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) on the Effective Date. In addition, the reorganized Debtor and/or Liquidating Trustee shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court administratively closes this Case or enters a final decree or enters an order either converting this case to a case under Chapter 7 or dismissing this case. After confirmation, pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2015(a)(5), the reorganized Debtor and/or the Liquidating

Trustee shall file with the Bankruptcy Court and shall serve on the United States Trustee a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee.

10. The issuance of New Common Stock in exchange for partial or whole satisfaction of (a) the DIP Facility to the DIP Lenders, (b) the Class 3 Philip Sigel, Trustee claim, to Philip Sigel, Trustee, (c) the Class 6 Shaya Yaki Claim to Shaya Yaki, (d) the Management Conversion Credits to Deborah Mash, John Thomas, Robert Reder, Michael Karukin, Richard Serbin, Hans Hertell, Christopher Hassan, Heather Callendar-Potters, Robert Moriarty, and William Schinzer, and (e) the Administrative Conversion Credit to Aaronson Schantz Beiley P.A. is pursuant to Section 1145(a) of the Bankruptcy Code. Accordingly, Section 5 of the Securities Act of 1933 and any state or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker or dealer in, a security do not apply to the New Common Stock.

11. On the Effective Date, the Liquidating Trustee shall retain and have standing to pursue Litigation Claims on behalf of the Estate pursuant to the terms of the Plan, this Confirmation Order and the Liquidating Trust Agreement.

12. ASBPA and Cimo Mazer Mark PLLC ("CMM") shall, after the Effective Date, continue to be retained by the Liquidating Trustee as co-counsel pursuant to the terms of the Court's *Order Approving Debtor's: (i) Application for Approval of Employment of David C. Cimo, Marilee A. Mark, and the Law Firm of Cimo Mazer Mark PLLC as Special Litigation Counsel Nunc Pro Tunc to May 10, 2018 and (ii) Partially Modifying Employment Terms of Geoffrey S. Aaronson, Esq. and the Law Firm of Aaronson Schantz Beiley P.A. as Counsel to the Debtor* [ECF 86]. Berkowitz shall, after the Effective Date, continue to be retained by the

Liquidating Trustee as forensic analyst pursuant to the terms of the Court's *Order Approving Employment of Berkowitz Pollack Brant to Provide Forensic Services* [ECF 85]. No further application for the Liquidating Trustee to retain Berkowitz, ASBPA or CMM shall be necessary.

13. Pursuant to Section 1146(a) of the Bankruptcy Code, the making or delivery of any instrument of transfer or exchange of security pursuant to, in implementation of, or as contemplated by the Plan, or any transaction arising out of, contemplated by or in any way related to the Plan, shall not be taxed, whether by stamp tax, conveyance fee, intangible or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment or recording fee, and the appropriate state or local governmental officials or agents shall be, and hereby are, directed to forego the collection of any such tax or governmental assessment and to accept for filing and recording any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

14. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1334(a) and (b) to approve the injunctions, exculpation, and releases set forth in Article XII of the Plan because, inter alia, these provisions are integral parts of the Plan. Moreover, the approval of the injunctions, exculpation, and releases set forth in Article XII of the Plan are core matters under 28 U.S.C. § 157, because, inter alia, these provisions arise in the context of confirmation of the Plan and are integral parts of the Plan. Accordingly, this Court finds that the releases, exculpations, and injunctions set forth in Article XII of the Plan are consistent with the Bankruptcy Code and applicable law.

15. All rights of holders of Claims or Interests of all Classes under the Plan, including, without limitation, the right to receive distributions on account of such Claims or Interests,

hereafter shall be limited solely to the right to receive such distributions exclusively according to the Plan, the provisions of which shall be binding on such holders to the fullest extent provided by Section 1141(a) of the Bankruptcy Code. After the date hereof, the holders of such Claims or Interests shall have no further rights against the reorganized Debtor except as expressly provided in the Plan or in this Confirmation Order.

16. Any executory contract or unexpired lease that exists between the Debtor and another person or entity will be deemed assumed.

17. The reorganized Debtor is authorized, directed, and empowered to fully assume, perform under, consummate, and implement the Plan on the Effective Date and to execute all additional instruments and documents that may be required reasonably necessary or desirable to effectuate the spirit, letter, and intention of the Plan and the transactions contemplated thereunder.

18. On the Effective Date, title to Debtor's debtor-in-possession accounts and accounts receivable, if any, shall vest exclusively in the reorganized Debtor, free and clear of all Claims, Interests, encumbrances, and other interests, and this Confirmation Order shall be a judicial determination of discharge of the liabilities of the reorganized Debtor arising prior to the Effective Date, except as may be otherwise provided in the Plan.

19. Except to the extent provided in Section 1141(d)(3) of the Bankruptcy Code, upon entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind (i) any holder of a Claim against or Interest in the Debtor and the reorganized Debtor and their respective successors and assigns, whether or not such Claim or Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan, (ii) any and all non-Debtor parties to assumed executory contracts and unexpired leases with the Debtor, (iii) every other party in interest in this case, and (iv) all parties receiving

property or Distributions under the Plan, and their respective heirs, executors, administrators, successors, or assigns.

20. All Distributions under the Plan shall be made in accordance with the Plan and by regular U.S. mail to the address provided by the Creditor in its Proof of Claim, and if such Creditor has not provided a Proof of Claim but has voted, to the address set forth in the Creditor's ballot, and if such Creditor has neither filed a Proof of Claim nor filed a ballot, to the latest address maintained by the Debtor based upon the Creditor's latest invoice or correspondence. All Distribution made in the manner aforesaid are approved and authorized.

21. Consistent with the service of prior pleadings in this case, the service of this Order shall be by email to all interested parties unless a party has requested service by U.S. mail.

22. Aaronson Schantz Beiley P.A. shall be the disbursing agent of all cash distributions under the Plan. The Debtor shall be the disbursing and distribution agent of all stock certificates to be issued under the Plan.

23. The treatment of all Creditors set forth in the Plan is in full satisfaction of the legal, contractual, and equitable rights (including any liens) that each entity holding a Claim or Interest may have in or against the Debtor, its Estate, or its respective property. This treatment supersedes and replaces any agreements or rights those entities may have in or against the reorganized Debtor, its Estate, or its respective property.

24. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety, subject to the modifications included in this Confirmation Order and stated on the record at the Confirmation Hearing.

25. This Court shall retain jurisdiction to (i) resolve issues in accordance with the terms of the Plan, this Confirmation Order, and Section 1142 of the Bankruptcy Code; (ii) enforce all Orders of this Court with respect to the reorganized Debtor's bankruptcy case; and (iii) consider all applications for reimbursement of fees and expenses rendered by professionals retained by the Debtor through the Effective Date and with respect to Plan Distributions thereafter, pursuant to Section 330 of the Bankruptcy Code.

###

Submitted by:
Geoffrey S. Aaronson, Esq.
Florida Bar No. 349623
Samuel J. Capuano, Esq.
Florida Bar No. 90946
Aaronson Schantz Beiley P.A.
2 S. Biscayne Blvd, 34th Floor
Miami, Florida 33131
Telephone: 786-594-3000
Telefax: 305-424-9336
gaaronson@aspalaw.com
scapuano@aspalaw.com
*Attorneys for Debtor*

Attorney Aaronson is directed to serve a copy of this Order on all interested parties and to file a proof of service within three days of entry of the Order.